**Leon WEST**

v.

**LEHIGH METALS.**

**No. 96–576–M.P.**

Supreme Court of Rhode Island.

Nov. 20, 1997.

Charles J. Vucci, Providence.

Michael J. Feeney, St. Paul, MN; Michelle Lee White.

### ORDER

This case came before the Supreme Court for oral argument on November 4, 1997, pursuant to an order that directed the parties to show cause why the issues raised in this petition for certiorari by Leon West (petitioner or West) should not be summarily decided. After hearing the arguments of counsel for the parties and after consideration of their memoranda, we conclude that cause has not been shown, and the case will be decided at this time.

On August 21, 1995, petitioner sustained work-related injuries while employed at Lehigh Industries (Lehigh). Although he did not return to work for Lehigh, West returned to gainful employment on January 7, 1996. Pursuant to G.L.1956 § 28–33–18, West sought payment of varying and partial indemnity benefits for the period of January 7, 1996 to January 19, 1996. In denying

West's petition, a Worker's Compensation Court (WCC) trial judge determined that West was not entitled to any partial disability compensation because his post-injury wages were greater than his pre-injury wages. In arriving at this determination, the WCC applied the statutory formula by subtracting the thirteen week average of West's pre-injury wages, excluding overtime pay, from his post-injury weekly wages that included overtime pay, pursuant to G.L.1956 sec. 28–33–18(a) and 28–33–20. The petitioner appealed the inclusion of earned overtime in the calculation of his post-injury weekly wages. Had the overtime wages been excluded, West's post-injury income would not have exceeded his pre-injury income, thereby entitling him to partial disability compensation from Lehigh. The Worker's Compensation Appellate Division (Appellate Division) denied his appeal and affirmed the WCC.

It is well settled that our review of a decree of the Appellate Division is limited to determining whether that tribunal erred in deciding questions of law. *Wehr v. Truex,* 700 A.2d 1085 (R.I.1997). If the decree has been decided on a legally competent basis, it is binding upon this Court. *Id.*

The case before us is controlled by our recent holding in *Wehr v. Truex,* in which we addressed the same issue. *Id.* In *Wehr,* we determined that statutory language specifically excluding overtime pay from the calculation of pre-injury wages rendered significant the Legislature's failure to exclude overtime from the calculation of post-injury earnings. *Id.* We affirmed the Appellate Division's interpretation of the statute as excluding overtime pay from the calculation of pre-injury wages but including it in calculating post-injury wages, thereby propounding the rule that applies to this case.

Therefore, we deny the petition for certiorari, quash the writ previously issued, and affirm the final decree of the Appellate Division to which we remand the papers in this case.